[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
INTRODUCTION
The defendants moved to strike counts four and five of the amended complaint dated October 17, 2000. That motion was denied from the bench as to count four.
Count five, which claims a violation of General Statutes § 42-110b
(General Statutes § 42-110a, et seq., being hereinafter referred to, collectively, as "CUTPA"), contains the following allegations which are material to this decision:
CT Page 8533 The defendant JoVal Machine Co., Inc. ("JoVal") is a corporation which owns a factory at which the plaintiff was employed as a manager from 1976 until 1997, when the plaintiff resigned that position;
 The defendant Gerald A. Chase ("Chase") has been and is the president of JoVal;
 Chase owns 70%, the plaintiff Carl Philbrick ("Philbrick") owns 15% and another individual owns 15% of the stock of JoVal;
 "Annual bonuses" paid to JoVal shareholders are authorized by JoVal's directors;
 In JoVal's fiscal years 1998 and 1999, and perhaps in fiscal year 1997, JoVal made unreasonable payments to its stockholders and officers, other than the plaintiff, which have adversely affected the value of the plaintiffs JoVal stock; and,
 By making unreasonable payments to its stockholders and officers, other than the plaintiff, JoVal violated CUTPA.
DISCUSSION
The defendants argue that, if true, the acts alleged do not constitute a CUTPA violation because the plaintiff was not in the relationship of a consumer to the defendants. That argument was disposed of in LarsenChelsey Realty Co. v. Larsen, 232 Conn. 480, 656 A.2d 1009 (1995), where the court said: "We previously have stated in no uncertain terms that CUTPA imposes no requirement of a consumer relationship." Id., 496.
While CUTPA extends to some non-consumer contexts, it does not extend to all. In Ostrowski v. Avery, 243 Conn. 355, 703 A.2d 117 (1997), the court observed that, "purely intracorporate conflicts do not constitute CUTPA violations. . . ."Id., 379. Because the claim asserted in count five is a purely intracorporate conflict, that claim does not make out a CUTPA violation.
CONCLUSION
The motion to strike count five of the amended complaint
G. Levine, J. CT Page 8534